UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                                              Case No. 90-80492

D-1, PATRICK LAMONT SIMS,          HONORABLE AVERN COHN

    Petitioner-Defendant.

_____/

## MEMORANDUM AND ORDER DENYING PETITION FOR A WRIT OF ERROR AUDITA QUERELA

I.

This is a criminal case. In 1990, defendant Sims and four codefendants were arrested after attempting to purchase 15 kg of cocaine from undercover narcotics officers with the Wayne County Sheriff's Office. The officers found firearms in all three cars used by the defendants in the transaction, including two machine guns (automatic AR-15 rifles). Petitioner was charged with various weapons and drug offenses, including a violation of 18 U.S.C. § 924(c) for using or carrying a firearm, specifically a machine gun. After an appeal and remand, the Court sentenced Petitioner to 42 years and seven months imprisonment in 1993. Petitioner appealed, specifically challenging his § 924(c) conviction. The Sixth Circuit affirmed. See United States v. Sims, 41 F.3d 1508 (6th Cir. 1994).

Before the Court is Petitioner's petition for a writ of error audita querela. For the reasons that follow, the motion is DENIED.

II.

Following the affirmance of Petitioner's conviction and sentence, Petitioner filed several post conviction motions. In 1995, Petitioner filed a motion under § 2255 challenging his § 924(c) conviction. The motion was denied in 1999. In 2001, Petitioner filed a motion under § 2241 and simultaneously sought leave to file a second § 2255 motion in the Sixth Circuit. In each filing, Petitioner argued that his § 924(c) conviction on the machine gun charge should be vacated in light of the Supreme Court's decision in Castillo v. United States, 530 U.S. 120 (2000). The Sixth Circuit denied Petitioner's request to file a second § 2255 motion and the Court denied his motion under § 2241. Petitioner did not appeal. In the meantime, Petitioner was transferred to a federal facility in Pennsylvania. In 2004, Petitioner filed another § 2241 motion in the Western District of Pennsylvania, challenging his § 924(c) conviction in light of Castillo. Petitioner also for the first time raised a challenge to his § 924(c) conviction based on the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995). The district court, adopting the report and recommendation of a magistrate judge, denied the motion on the grounds that Petitioner's claims were properly raised in a § 2255 motion. Petitioner appealed. The Third Circuit affirmed. See Sims v. United States, No. 06-2440 (3d Cir. Nov. 28, 2006).

On October 10, 2008, Petitioner filed the instant petition. Petitioner again challenges his § 924(c) under Bailey. Petitioner states he was previously unaware of the Bailey decision until his filing in 2004 due to a mental condition.

III.

The writ of audita querela is a common-law writ that affords relief only in very

2

limited circumstances in criminal cases. It is "used to attack a judgment that was correct when rendered, but that later became incorrect because of circumstances that arose after the judgment was issued." Carrington v. United States, 503 F.3d 888, 890 n. 2 (9th Cir. 2007); see also United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995) (writ of audita querela "is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy.") (emphasis added). Where the petitioner's legal objection to his conviction centers on an issue of statutory interpretation, audita querela is only a possible remedy where the petitioner is "factually or legally innocent as a result of a previously unavailable statutory interpretation." In re Dorsainvil, 119 F.3d 245, 248 (3d Cir. 1997) (emphasis added).

Petitioner clearly has legal, rather than factual, objections to his conviction, as the petition rests on a substantive legal argument about whether Petitioner's activities constituted "use" of a firearm "during and in relation" to a drug crime in the meaning of federal law.[1] These are all clear indications that Petitioner is actually seeking a writ of habeas corpus, rather than a writ of audita querela. As such, relief is not available. See United States v. Herrera, 216 Fed. Appx. 809, 811 (10th Cir.2007) (when a petition asserts substantive claims to set aside a conviction, the petition is treated as one for habeas corpus, rather than audita querela). See Shelton v. United States, 201 Fed. Appx. 123, 124 (3d Cir.2006) ("For claims that are cognizable in a § 2255 motion, the

---

[1]Petitioner also asserts that he has a mental condition which precluded him from appreciating the holding in Bailey and otherwise properly asserting his rights. Petitioner further says that due to this mental condition, his claim of actual innocence should be resolved. Neither argument is grounds for issuance of a writ of audita querela.

3

writ of audita querela is not available. In particular, the writ cannot be invoked in order to enable a defendant to file a § 2255 claim, but avoid complying with the rules that govern such motions.") (citations removed).

Moreover, because Petitioner already filed a § 2255, absent permission from the Sixth Circuit, he cannot file a second motion. The Court also notes that while Petitioner did not cite Bailey in his § 2255 motion in 1995, the decision in Bailey was issued in 1995 and available to Petitioner throughout the proceedings which did not conclude until 1999.

Finally, based on Sixth Circuit precedent, it appears that there is also a further limitation on the availability of audita querela relief that would preclude Petitioner from obtaining this writ. In Frost v. Snyder, 13 Fed. Appx. 243, 246 n. 1 (6th Cir. 2001), the Sixth Circuit stated that a writ of audita querela "requires satisfaction of the judgment, [and] it can only be used when the petitioner has served his or her sentence and been released from custody." Id. (quoting Robbins, The Revitalization of the Common-Law Civil Writ of Audita Querela As a Postconviction Remedy in Criminal Cases: The Immigration Context and Beyond, 6 GEO. IMMIGR. L.J. 643 (1992)). Petitioner has not finished serving the sentence imposed by the Court in 1993. Thus, he is thus precluded from obtaining a writ of audita querela, even were there no other roadblocks to his obtaining the writ.

SO ORDERED.

Dated: October 28, 2008    s/Avern Cohn
                           AVERN COHN
                           UNITED STATES DISTRICT JUDGE

90-80492-01 USA v. Patrick Sims

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Patrick Sims, #13953-039, FMC Devens, Federal Medical Center, P.O. Box 879, Ayer, MA 01432 on this date, October 28, 2008, by electronic and/or ordinary mail.

                                            s/Julie Owens
                                            Case Manager, (313) 234-5160